
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIT YEE KITTY LI, AKA Kit Yee Lee, AKA Kitty Li, AKA Kiyee Li, | No. 13-73041 |
| Petitioner, | Agency No. A086-948-624 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017**
San Francisco, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and GORDON,***
District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

Petitioner Kit Yee Kitty Li appeals a decision from the Board of Immigration Appeals pretermitting her application for adjustment of status. We lack jurisdiction to consider her claims and therefore deny her petition for review. Because we lack jurisdiction to consider her claims, we also lack jurisdiction to grant her request to take judicial notice.

In 2010 the Department of Homeland Security ("DHS") initiated removal proceedings against Li, charging Li with two grounds of removability: Li had remained in the United States after her visa expired (8 U.S.C. § 1227(a)(1)(B)), and "at the time of entry or adjustment of status" she was "an alien who engaged in an offense which is described in 18 U.S.C. § 1956 or § 1957," in violation of 8 U.S.C. § 1182(a)(2)(I), i.e. money laundering. The IJ upheld both these charges, ordered Li removed, and pretermitted her application for adjustment of status on the grounds that she was ineligible for a waiver of inadmissibility.

The BIA found Li removable on the grounds that she had overstayed her visa. *See* 8 U.S.C. § 1227(a)(1)(B). The BIA also found that Li was ineligible for adjustment because she is inadmissible under 8 U.S.C. § 1182(a)(2)(I) as a result of her 2009 conviction for conspiracy to commit money laundering, but that she was not removable on this basis because she had not been admitted to the United States since she engaged in the offense.

Li concedes her removability but appeals the BIA's decision to pretermit her application for adjustment of status. She argues that the DHS's decision to charge her as removable under 8 U.S.C. § 1182(a)(2)(I), rather than under § 1182(a)(2)(A)(i)(I), was "arbitrary and capricious" in violation of 5 U.S.C. § 706, and a violation of her due process rights under the Fifth Amendment. Money laundering, Li argues, is a Crime Involving Moral Turpitude; thus, she could have been charged as removable under § 1182(a)(2)(A)(i)(I). Had the Attorney General so charged her, Li argues she would have been eligible for a waiver of inadmissibility under § 1182(h). The Attorney General's charging decision therefore deprived her of an opportunity to apply for a waiver that would have made her eligible for adjustment of status.

We lack jurisdiction to review the Attorney General's decision not to charge Li as removable under § 1182(a)(2)(A)(i)(I) on the basis of her prior money laundering convictions. The decision about whether to seek an immigrant's removal or initiate proceedings is not subject to judicial review. 8 U.S.C. § 1252(g); *see Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999). Li cites no case law suggesting that we possess jurisdiction to review the Attorney General's choice of charges in initiating proceedings. *Cf.*

3

*Judulang v. Holder*, 565 U.S. 42, 57-58 (2011) (choice of charges assumed to be within the discretion of the Attorney General).

**DISMISSED FOR WANT OF JURISDICTION**.